DAVID CHIU, State Bar #189542
City Attorney
JONATHAN ROLNICK, State Bar #151814
Chief Labor Attorney
ADAM SHAPIRO, State Bar #245368
LAUREN E. WOOD, State Bar #280096
Deputy City Attorneys
Fox Plaza
1390 Market Street, 5th Floor
San Francisco, California 94102-5408
Telephone:      (415) 554-3830
Telephone:      (415) 554-4261
E-Mail:         adam.shapiro@sfcityatty.org
E-Mail:         lauren.wood@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GUARDADO, MELISSA BORZONI, ANDREW MALONEY, ROMMEL TAYLOR, PENNI EIGSTER, TARA AMADO, and DANIELLE BOLOGNA on behalf of themselves and all other similarly situated persons,<br><br>      Plaintiffs,<br><br>      vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO; and DOES 1 through 100,<br><br>      Defendants. | Case No. 3:22-cv-04319-VC<br><br>**DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S ANSWER TO COMPLAINT**<br><br>Date Action Filed:   July 26, 2022<br>Trial Date:          Not Set |

Defendant City and County of San Francisco ("City" or "Defendant") hereby answers Plaintiff's Complaint as follows:

<u>**INTRODUCTION**</u>

1.      In answer to Paragraph 1, the City denies any wrongdoing whatsoever. The allegations in this paragraph consist solely of conclusory arguments and contains no factual allegations against the City specifically.

2.      In answer to Paragraph 2, the City denied it ordered its employees to submit to vaccination. The City admits that applicable state and federal laws allow employees to submit requests for religious exemptions. The City denies that this paragraph otherwise accurately states the legal requirements governing religious exemptions. The City admits that it received approximately 1,000 requests for exemption from the various COVID-19 vaccination requirements. The City denies that it acted in bad faith. The City denies it conducted a religious inquisition to determine which employees were true believers. The City denies that only 51 employees requesting religious accommodation were found to hold a sincere faith. The City admits that, in some cases, it offered to accommodate employees through a 60-day job search. The City admits that, in some cases, such accommodations constituted an undue hardship because unvaccinated employees pose a danger to themselves, co-workers, and/or the public. The City lacks sufficient information to admit or deny the remaining allegations in this paragraph and on that basis, denies each and every one of them.

**JURISDICTION AND VENUE**

3.      In answer to Paragraph 3, the City does not contest jurisdiction or venue, but denies Plaintiffs have been injured or suffered damages in any fashion or are entitled to any relief whatsoever.

4.      In answer to Paragraph 4, the City does not contest that the cited provisions permit declaratory and injunctive relieve, but denies Plaintiffs have been injured in any fashion or are entitled to any relief whatsoever.

**PARTIES**

**Plaintiffs**

5.      In answer to Paragraph 5, the City admits Jose Guardado was employed by the City as an Architectural Associate II. The City admits that Guardado submitted a written request for a

religious accommodation and that he used a form entitled *Employee Request for Religious Accommodation (COVID-19 Exemption)*. The City admits that part of Exhibit 1 to the Complaint appears to be a copy of the form Guardado submitted. The City denies that Guardado has sincerely held religious belief that prevent him from receiving a COVID-19 vaccination. The City admits it denied Guardado's request for an exemption and that it did so via a form entitled *Reasonable Accommodation Determination (COVID-19 Vaccination Exemption)*. The City admits that on the form, the box **DENIED** was checked. The City admits that part of Exhibit 2 appears to be the form the City used. The City lacks sufficient information to admit or deny the remaining allegations in this paragraph and on that basis, denies each and every one of them.

6.       In answer to Paragraph 6, the City admits that Melissa Borzoni was employed by the City as a Senior Community Development Specialist. The City admits Borzoni submitted a written request for religious accommodation. The City admits that it denied her request for accommodation. The City lacks sufficient information to admit or deny the remaining allegations in this paragraph and on that basis, denies each and every one of them.

7.       In answer to Paragraph 7, the City admits Andrew Maloney was employed by the City as an Architect. The City admits Maloney submitted a written request for a religious accommodation. The City admits it denied his request. The City lacks sufficient information to admit or deny the remaining allegations in this paragraph and on that basis, denies each and every one of them.

8.       In answer to Paragraph 8, the City admits Rommel Taylor was employed by the City as a Senior Community Development Specialist II. The City admits Taylor submitted a written request for a religious accommodation. The City admits it denied his request for an accommodation. The City lacks sufficient information to admit or deny the remaining allegations in this paragraph and on that basis, denies each and every one of them.

9.       In answer to Paragraph 9, the City admits Penni Eigster was employed by the City as a Manager I. The City admits Eigster submitted a written request for a religious accommodation. The City admits it denied her request. The City denies Eigster has a sincerely held religious belief. The City lacks sufficient information to admit or deny the remaining allegations in this paragraph and on that basis, denies each and every one of them.

10.     In answer to Paragraph 10, the City admits Tara Amado was employed by the City as a Transit Operator. The City admits Amado submitted a written request for a religious accommodation. The City admits it denied her request for an accommodation. The City lacks sufficient information to admit or deny the remaining allegations in this paragraph and on that basis, denies each and every one of them.

11.     In answer to Paragraph 11, the City admits Danielle Bologna was employed by the City as a Public Service Aid – Associate to Professionals. The City admits Bologna submitted a written request for an accommodation. The City denies her beliefs are sincerely held. The City admits it denied her request for accommodation. The City lacks sufficient information to admit or deny the remaining allegations in this paragraph and on that basis, denies each and every one of them.

**Defendants**

12.     In answer to Paragraph 12, the City admits it is a charter county under the California Constitution and an "employer" as defined under Title VII and the Fair Employment and Housing Act. The City admits it employed the named Plaintiffs. The City lacks sufficient information to admit or deny the remaining allegations in this paragraph and on that basis, denies each and every one of them.

13.     In answer to Paragraph 13, the City lacks sufficient information to admit or deny the allegations in this paragraph and on that basis, denies each and every one of them.

**CLASS ACTION ALLEGATIONS**

14.     In answer to Paragraph 14, the City denies that this action is suitable for class treatment. The City lacks sufficient information to admit or deny the remaining allegations in this paragraph and on that basis, denies each and every one of them.

15.     In answer to Paragraph 15, the City denies that this action is suitable for class treatment.

16.     In answer to Paragraph 16, this paragraph sets forth legal conclusions and questions of law to which no response is required. The City denies that this action is suitable for class treatment or that the proposed Plaintiff Class satisfies the prerequisites of Rule 23.

**A.**    In answer to Paragraph 16(A), the City denies that this action is suitable for class treatment or that the proposed Plaintiff Class satisfies the numerosity requirement.

**B.**    In answer to Paragraph 16(B), This paragraph sets forth legal conclusions and questions of law to which no response is required.

**C.**    In answer to Paragraph 16(C), this paragraph sets forth legal conclusions and questions of law to which no response is required.

**D.**    In answer to Paragraph 16(D), this paragraph sets forth legal conclusions and questions of law to which no response is required. .

**E.**    In answer to Paragraph 16(E), this paragraph sets forth legal conclusions and questions of law to which no response is required.

### FACTS

17.    In answer to Paragraph 17, the City admits that on or about June 23, 2021, it issued a COVID-19 Vaccination Policy. The City denies the remaining allegations in this paragraph.

18.    In answer to Paragraph 18, the City denies the allegations in this paragraph.

19.    In answer to Paragraph 19, the City admits the named Plaintiffs submitted written requests for a religious accommodation in order to be exempted from COVID-19 vaccination. The City denies that this action is suitable for class treatment. The City admits the named Plaintiff assert they have religious convictions against taking the COVID-19 vaccination. The City lacks sufficient information to admit or deny the remaining allegations in this paragraph and on that basis, denies each and every one of them.

20.    In answer to Paragraph 20, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent a response is required, the City denies the allegations in this paragraph.

21.    In answer to Paragraph 21, the City denies the allegations in this paragraph.

22.    In answer to Paragraph 22, the City admits the allegations in this paragraph.

23.    In answer to Paragraph 23, the City admits the allegations in this paragraph.

24.    In answer to Paragraph 24, this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent a response is required, the City denies the

allegations in this paragraph.

25.     In answer to Paragraph 25, the City denies it rejected requests if they merely mention non-religious views *along with* their religious views. The City lacks sufficient information to admit or deny the remaining allegations in this paragraph and on that basis, denies each and every one of them.

26.     In answer to Paragraph 26, the City admits to the content of Slide 15. The City denies the remaining allegations in this paragraph.

27.     In answer to Paragraph 27, the City admits to the content of Slide 16. The City denies the remaining allegations in this paragraph.

28.     In answer to Paragraph 28, the City admits the allegations in this paragraph.

29.     In answer to Paragraph 29, the City admits the allegations in this paragraph.

30.     In answer to Paragraph 30, the paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent a response is required,  the City denies the allegations in this paragraph.

31.     In answer to Paragraph 31, Plaintiff's characterizations of what Title VII and FEHA require are  legal conclusions and a question of law to which no response is denied.  The City denies the factual allegations in this paragraph.

32.     In answer to Paragraph 32, the City denies the allegations in this paragraph.

33.     In answer to Paragraph 33, the City denies that members of San Francisco's HR processed requests for religious exemption. The City admits the form attached as Exhibit 6 was provided to employees.

34.     In answer to Paragraph 34, the City admits it provided the quoted "tip." The City denies the remaining allegations in this paragraph.

35.     In answer to Paragraph 35, the City admits it asked some of its employees about prior vaccinations. The City denies the remaining allegations in this paragraph.

36.     In answer to Paragraph 36, the City admits it made this inquiry of some employees. The City denies the remaining allegations in this paragraph.

37.     In answer to Paragraph 37, the City admits it made this inquiry of some employees. The City denies the remaining allegations in this paragraph.

38.     In answer to Paragraph 38, the City admits it provided the quoted "tip." The City denies the remaining allegations in this paragraph.

39.     In answer to Paragraph 39, the City admits that Exhibit 6 contains the quoted language. The City denies the remaining allegations in this paragraph.

40.     In answer to Paragraph 40, the City admits the allegations in this paragraph.

41.     In answer to Paragraph 41, the paragraph sets forth legal conclusions and questions of law for which no response is needed. To the extent a response is required, the City denies the allegations in this paragraph.

42.     In answer to Paragraph 42, the City admits that Exhibit 6 contains the quoted "tip." The City denies the remaining allegations in this paragraph.

43.     In answer to Paragraph 43, the City admits that Exhibit 6 contains the quoted language. The City denies the remaining allegations in this paragraph.

44.     In answer to Paragraph 44, the City admits that Exhibit 6 contains the quoted language. The remaining allegations are legal conclusions to which no response is necessary. To the extent a response is required as to the remaining allegations, City denies the remaining allegations in this paragraph.

45.     In answer to Paragraph 45, the City admits that Exhibit 6 contains the quoted language. The City denies the remaining allegations in this paragraph.

46.     In answer to Paragraph 46, the City admits that it checked the "DENIED" box for the named Plaintiffs. The City denies that this action is suitable for class treatment. The City lacks sufficient information to admit or deny the remaining allegations in this paragraph and on that basis, denies each and every one of them.

47.     In answer to Paragraph 47, the City admits its protocols comprise a detailed, individualized assessment. The City also admits it has standardized forms.

48.     In answer to Paragraph 48, the City denies the allegations in this paragraph.

49.     In answer to Paragraph 49, the City admits it determined some employees had sincere requests for religious accommodation. The City admits it offered some employees a 60-day citywide job search. The City denies the remaining allegations in this paragraph.

50.     In answer to Paragraph 50, the City admits the allegations in this paragraph.

51.     In answer to Paragraph 51, the City admits it denied some religious accommodations under an undue hardship analysis. The City denies the remaining allegations in this paragraph.

52.     In answer to Paragraph 52, the City admits that the cited website contains statements from CDC Director Rochelle P. Walensky. The City lacks sufficient information to admit or deny the remaining allegations in this paragraph and on that basis, denies each and every one of them.

53.     In answer to Paragraph 53, the City lacks sufficient information to admit or deny the allegations in this paragraph and on that basis, denies each and every one of them.

54.     In answer to Paragraph 54, the City lacks sufficient information to admit or deny the allegations in this paragraph and on that basis, denies each and every one of them.

55.     In answer to Paragraph 55, the City lacks sufficient information to admit or deny the allegations in this paragraph and on that basis, denies each and every one of them.

56.     In answer to Paragraph 56, the City lacks sufficient information to admit or deny the allegations in this paragraph and on that basis, denies each and every one of them.

### FIRST CAUSE OF ACTION
### FAILURE TO PROVIDE RELIGIOUS ACCOMMODATION
### Violation of Title VII of the Civil Rights Act of 1964
### All Plaintiffs Against All Government Defendants
(42 U.S.C. §2000e)

57.     In answer to Paragraph 57, Defendant incorporates its responses to paragraphs 1-56 above.

58.     In answer to Paragraph 58, this paragraph contains only statements of law.

59.     In answer to Paragraph 59, the City lacks sufficient information to admit or deny the allegations in this paragraph and on that basis, denies each and every one of them.

60.     In answer to Paragraph 60, the City admits that some Plaintiffs claimed to have bona fide religious beliefs that conflict with receiving the COVID-19 vaccination and they informed their employer of those claimed beliefs. The City denies that Plaintiffs were disciplined for failure to comply with a conflicting employment requirement. The City lacks sufficient information to admit or deny the remaining allegations in this paragraph and on that basis, denies each and every one of them.

61.     In answer to Paragraph 61, this paragraph contains only statements of law.

62.     In answer to Paragraph 62, the City denies the allegations in this paragraph.

63.     In answer to Paragraph 63, the City admits there is a dispute between the parties. The City admits that, in some circumstances, it is permitted to inquire into the sincerity of an employee's claimed religious belief. The City denies it has a standardized practice of a rigorous inquisition or that it acted unlawfully. The City lacks sufficient information to admit or deny the remaining allegations in this paragraph and on that basis, denies each and every one of them.

64.     In answer to Paragraph 64, the City admits there is a dispute among the parties. The City denies that it universally asserts that every unvaccinated employee poses a threat to the health and safety of themselves, coworkers, and the public. The City denies that it asserts that an accommodation for any religious adherent poses an undue hardship on San Francisco. The City admits that, for some employees, an accommodation poses an undue hardship which is more than a *de minimus* burden. The City admits it granted medical exemptions to some employees. The City admits that employees who have been separated from their employment with the City are not confined to their homes. The City admits that employees have not been sentenced to exile and that, while still within San Francisco, former employees may ride public transportation, enter stores to purchase good and services, and may be in the stands at sporting events. The City denies that any claimed hardship is not substantially mitigated by releasing an unvaccinated employee. The City lacks sufficient information to admit or deny the remaining allegations in this paragraph and on that basis, denies each and every one of them.

## SECOND CAUSE OF ACTION
### RELIGIOUS CLAUSES
### First Amendment Against All Government Defendants
(42 U.S.C. §1983)

65.     In answer to Paragraph 65, Defendant incorporates its responses to paragraphs 1-64 above.

66.     In answer to Paragraph 66, this paragraph consists solely of statements of law.

67.     In answer to Paragraph 67, this paragraph consists solely of statements of law.

68.     In answer to Paragraph 68, the City lacks sufficient information to admit or deny the allegations in this paragraph and on that basis, denies each and every one of them.

69.     In answer to Paragraph 69, the City denies it engaged in a detailed probe of the

9

Plaintiffs. The remaining allegations are too vague to warrant a response, and in any event appear to consist solely of legal conclusions to which no response is required.

70.     In answer to Paragraph 70, the City denies that that its inquiry is structured such that employees are denied an accommodation because they are perceived by the government to not be as devout of a member of their religion as state actors' belief the employee should be. The City admits that HR evaluators considered various factors in making determinations with respect to requests for exemption from the COVID-19 vaccination policy, including, but not limited to, whether the employee is part of a recognized religion; whether the employee's beliefs are in line with the teaching of religious authorities; whether the religion holds a universal prohibition against vaccination; and whether the beliefs should be called in to question due to inconsistencies or factual inaccuracies. The City denies the remaining allegations in this paragraph.

71.     In answer to Paragraph 71, the City denies the allegations in this paragraph.

72.     In answer to Paragraph 72, the City denies the allegations in this paragraph.

73.     In answer to Paragraph 73 the City admits that it made individualized assessments. The City denies the remaining allegations in this paragraph.

74.     In answer to Paragraph 74, the paragraph sets forth legal conclusions for which no response is required. To the extent that a response is required, the City denies the allegations in this paragraph.

75.     In answer to Paragraph 75, the paragraph sets forth legal conclusions for which no response is required. To the extent that a response is required, the City denies the allegations in this paragraph.

**THIRD CAUSE OF ACTION**
**FAILURE TO PROVIDE RELIGIOUS ACCOMMODATION**
**Violation of the California Fair Employment and Housing Act**
**All Plaintiffs Against All Government Defendants**
(Gov. Code §12900 et seq.)

76.     In answer to Paragraph 76, Defendant incorporates its responses to paragraphs 1-75 above.

77.     In answer to Paragraph 77, this paragraph consists solely of statements of law.

78.     In answer to Paragraph 78, this paragraph sets forth legal conclusions to which no

response is required. To the extent a response is required, the City denies the allegations in this paragraph.

79.     In answer to Paragraph 79, the City admits there is a dispute among the parties. The City denies that it asserts that every unvaccinated employee poses a threat to the health and safety of themselves, coworkers, and the public. The City denies that it asserts that an accommodation for any unvaccinated religious adherent imposes an undue burden on San Francisco. The City lacks sufficient information to admit or deny the remaining allegations in this paragraph and on that basis, denies each and every one of them.

80.     In answer to Paragraph 80, the paragraph sets forth legal conclusions to which no response is required. To the extent a response is required, the City denies the allegations in this paragraph.

## PRAYER FOR RELIEF

The City denies Plaintiffs have been injured or suffered damages in any fashion and deny that they are entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

The City asserts the following affirmative defenses to the Complaint, without conceding that the City has the burden of persuasion or the burden of proof as to any affirmative defense set forth herein. Because the Complaint is couched in conclusory terms, the City cannot fully anticipate all affirmative defenses that may apply in this case.  Accordingly, the City reserves the right to assert additional affirmative defenses in this litigation as warranted.

## FIRST AFFIRMATIVE DEFENSE

The Complaint, and each and every allegation contained therein, whether considered singly or in combination, fails to state facts sufficient to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Complaint, and each and every claim set forth therein, are barred by applicable statutes of limitations, including but not limited to those set forth in 42 U.S.C. § 2000-e-5, 42 U.S.C. § 12117, and California Government Code §§ 12960 and 12965.

1

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs have failed, in whole or in part, to (1) exhaust their administrative, judicial, and/or contractual remedies in a timely manner, including but not limited to remedies made available under the Memorandum of Understanding ("MOU") between Plaintiffs' unions and the City, (2) timely satisfy the claims filing requirements under California Government Code §§ 910, *et seq.*, and/or (3) to satisfy other jurisdictional and/or procedural prerequisites prior to filing suit.

### FOURTH AFFIRMATIVE DEFENSE

The City asserts the various absolute and qualified immunities conferred upon it, either directly or indirectly, pursuant to the United States Constitution and the California Government Code and other applicable provisions of law, including but not limited to those contained in Division 3.6 of Title 1 of the California Government Code, such as agency immunity pursuant to Government Code §§ 815, 815.2, 818, 818.2, 818.8; immunity from liability for intentional torts pursuant to Government Code § 815.3; discretionary immunity pursuant to Government Code § 820.2; prosecutorial immunity pursuant to Government Code § 821.6; and other immunities pursuant to Government Code §§ 820.4 and 820.8.

### FIFTH AFFIRMATIVE DEFENSE

At all times and places alleged in the Complaint, the City acted in good faith, without malice or a fraudulent intent, and in conformity with and reliance upon applicable policies, procedures, regulations and laws.

### SIXTH AFFIRMATIVE DEFENSE

Any and all employment actions taken with respect to Plaintiffs were not based on any discriminatory motive or in retaliation for any activity engaged in by Plaintiffs, or based on any other improper or illegal consideration, but rather were based on one or more legitimate, sufficient, non-discriminatory and non-retaliatory reasons.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because any injury or damage suffered by Plaintiffs was caused by the intentional, reckless or negligent acts, omissions and/or misconduct of Plaintiffs or a third party.

1

### EIGHTH AFFIRMATIVE DEFENSE

2      To the extent applicable, the Complaint, and each and every cause of action alleged therein,

3 may be barred, in whole or in part, by various equitable doctrines, including the doctrines of laches,

4 estoppel, waiver, unclean hands, collateral estoppel, and/or *res judicata*.

5

### NINTH AFFIRMATIVE DEFENSE

6      Plaintiffs have failed to use due diligence to mitigate their damages, if any, as required by law.

7

### TENTH AFFIRMATIVE DEFENSE

8      At all times and places alleged in the Complaint, the City's actions were privileged, including

9 but not limited to that described in California Civil Code § 47, and/or justified under applicable law.

10

### ELEVENTH AFFIRMATIVE DEFENSE

11      The Complaint, and each and every cause of action therein, is barred by the exclusive remedy

12 provisions of the California Workers' Compensation Act.  They are barred by the exclusive remedy of

13 the workers' compensation law because (1) the Workers Compensation Appeals Board has exclusive

14 jurisdiction over any claim by Plaintiffs for injuries to health, including but not limited to any claim of

15 emotional distress or injuries and (2) any such injuries arose out of and were sustained during the

16 course and scope of Plaintiffs' employment and were proximately caused by that employment.

17

### TWELFTH AFFIRMATIVE DEFENSE

18      The policies, practices, or actions complained of by Plaintiffs were done, in whole or in part,

19 pursuant to a *bona fide* seniority and/or merit system.

20

### THIRTEENTH AFFIRMATIVE DEFENSE

21      Any recovery may be barred, in whole or in part, by the after-acquired evidence doctrine.

22

### FOURTEENTH AFFIRMATIVE DEFENSE

23      The City is not vicariously liable for any act or omission of any other person, whether by way

24 of *respondeat superior*, agency, or otherwise.  If any wrongful activity occurred, or if Plaintiffs

25 suffered any injuries or damages, other parties or persons over whom the City had no control caused

26 such injuries or damages.

27

### FIFTEENTH AFFIRMATIVE DEFENSE

28      If Plaintiffs are entitled to any recovery, the City is entitled to set off any prior recoveries,

1  compensation, or benefits Plaintiff may have received in connection with the injuries or claims

2  identified in this case and/or any collateral sources, including but not limited to reduction of Plaintiffs'

3  recovery as provided for by California Government Code § 985.

4  <center>**SIXTEENTH AFFIRMATIVE DEFENSE**</center>

5  There are alternative adequate legal remedies available to Plaintiffs and there is no danger of

6  irreparable harm.

7  <center>**SEVENTEENTH AFFIRMATIVE DEFENSE**</center>

8  Plaintiffs' requested accommodations would create an undue hardship to the operation of the

9  City's business.

10  WHEREFORE, the City prays for judgment as follows:

11  1.  That judgment be awarded for the City;

12  2.  That Plaintiffs' prayer for monetary damages and equitable relief be denied;

13  3.  That Plaintiffs take nothing by this action;

14  4.  That the City be awarded its costs of suit; and

15  5.  That the Court order such other and further relief for the City as the Court may deem

16  just and proper.

17

18  Dated:  September 23, 2022

DAVID CHIU
City Attorney
JONATHAN C. ROLNICK
Chief Labor Attorney
LAUREN E. WOOD
ADAM SHAPIRO
Deputy City Attorneys


By: _/s/Lauren E. Wood_____
     LAUREN E. WOOD

Attorney for Defendant
CITY AND COUNTY OF SAN FRANCISCO